UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                     CRIMINAL NO.: 3:25-CR-138-DPJ-ASH

ROY PERKINS

ORDER

Defendant Roy Perkins seeks an order severing him from this drug conspiracy case. Mot. [215] at 2. The Court denies the motion for the following reasons.

I.      Background

Perkins is one of 15 defendants charged with conspiring to distribute cocaine under 21 U.S.C. §§ 846 and 841(a)(1). *See* Indictment [3] at 1–2. He says that he allegedly possessed only 28 grams of cocaine and that he is tied only to a co-defendant who has entered a notice of intent to plead. *See* Mot. [215] at 1. The Government opposes his motion. *See* Gov't Resp. [223].

II.     Standards

Federal Rule of Criminal Procedure 8(b) allows joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is no dispute Perkins is properly joined. But even when that's the case, defendants may still seek severance under Rule 14(a), which allows severance only when joinder "appears to prejudice a defendant or the government." "Prejudice" means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The Fifth Circuit has generally noted that "[p]ersons indicted together should be tried together, especially in conspiracy cases" such as this. *United States v. Miranda*, 248 F.3d 434, 439 (5th Cir. 2001) (quoting *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir.1994)). Indeed, "[j]oint trials play a vital role in the criminal justice system" as the Supreme Court noted in *Richardson v. Marsh*. 481 U.S. 200, 209 (1987). Finally, even when prejudice exists, the defendant must show "the prejudice outweigh[s] the Government's interest in economy of judicial administration." *United States v. Peterson*, 244 F.3d 385, 393 (5th Cir. 2001) (quotation marks and citation omitted).

III.    Analysis

Perkins offers two arguments in favor of severance:  (1) his alleged involvement in the offense was relatively small and (2) his alleged connection to co-conspirators is limited. Mot. [215] at 1–2. Neither would justify severance.

"The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro*, 506 U.S. at 537). "It is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'" *Id.* (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)). This remains true even when prejudice exists because "Rule 14 does not require severance even if prejudice is shown." *Zafiro*, 506 U.S. at 538–39.

Perkins essentially makes a spill-over-effect argument, but the Fifth Circuit has frequently rejected similar efforts. For example, in *Neal*, the court held that "a quantitative disparity in the evidence 'is clearly insufficient in itself to justify severance.'" 27 F.3d at 1045

(quoting *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985)); *see also Harrelson*, 754 F.2d at 1178 n.21 (holding that "quantitative disparity alone is insufficient to justify severance under Rule 14").  Thus, "severance is required on the basis of a disparity in the evidence only in the most *extreme* cases."  *United States v. Rocha*, 916 F.2d 219, 229 (5th Cir. 1990).  Perkins has not made this showing.

IV.    Conclusion

For the reasons stated, Defendant's motion to sever [215] is denied.

**SO ORDERED AND ADJUDGED** this the 21st day of May, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE