UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL NO. 3:25-CR-138-DPJ-ASH

ROY PERKINS

ORDER

Defendant Roy Perkins seeks an in limine order preventing the Government from introducing evidence at trial. Mot. [216]. For the reasons stated below, the motion [216] is granted in part and denied in part.

I. Standard

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation marks omitted).

II. Background

The indictment charges Perkins and 14 codefendants with violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine. Perkins now moves in limine to prevent the Government from offering: (1) evidence about prior crimes, convictions, or other acts; (2) evidence referencing a co-defendant's guilty plea; (3) evidence not produced in discovery; and (4) evidence that Perkins invoked his right to silence. Def.'s Mot. [216] at 1–3.

III. Analysis

A. Prior Crimes, Convictions, or Other Acts.

Perkins says this evidence would violate Federal Rules of Evidence 404 and 403. *Id.* at 1. But he never identifies the prior crimes, convictions, or acts. Absent that information, it is impossible for the Court to determine whether such evidence is admissible because neither Rule 404 nor Rule 403 prohibits it.

Rule 404(a) states, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." But under Rule 404(b)(2), other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." If given the specific crimes or acts, the Court would conduct the analysis outlined in *United States v. Beechum*, which requires the Court to consider whether any Rule 404(b)(2) exceptions apply and, if so, whether the evidence survives Rule 403. 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Also, if Perkins testifies, then the Court would have to consider Rule 609(a).

In sum, the Court lacks the information necessary to determine whether the objected-to evidence should be excluded. If Perkins has more specific concerns, he may bring them to the Court's attention after jury selection. The motion is denied without prejudice.

B. Co-Defendant's Guilty Plea.

Perkins urges the Court to preclude the government from eliciting "testimony from any witness or introduc[ing] any documentary evidence concerning any co-defendant's guilty plea as it is improper to use the guilty plea of a co-defendant as substantive evidence of Mr. Perkins'[s] guilt." Def.'s Mot. [216] at 1 (citing *United States v. Leach*, 918 F.2d 464, 467 (5th Cir. 1990)).

In *Leach*, the Fifth Circuit noted: "Our precedents have made it abundantly clear that evidence about the conviction of a coconspirator is not admissible *as substantive proof of the guilt of a defendant*." 918 F.2d at 467 (emphasis added). But that doesn't mean such evidence is inadmissible for other purposes. For example, the Fifth Circuit has allowed the United States to preemptively introduce a testifying codefendant's plea to "thwart a defense strategy" or to "negate expected impeachment efforts." *United States v. Moparty*, 11 F.4th 280, 293 (5th Cir. 2021) (citations omitted). Plea agreements are routine fodder for impeachment.

That said, the Government relies on *Moparty*, which noted that the legitimate reasons for allowing plea evidence didn't exist as to a non-testifying codefendant. *See id.* at 293. So, if the Government intends to offer this evidence as to a non-testifying codefendant, then it will need to address the issue with the Court before presenting it to the jury. Otherwise, the motion is denied, and Perkins will need to make a contemporaneous objection. The Court will, however, instruct the jury that such pleas are not substantive evidence of Perkins's guilt.

C. Evidence Not Produced in Discovery

The Government says this motion is premature because Federal Rule of Criminal Procedure 16(d)(2) provides remedies for failing to comply with Rule 16 disclosure duties. Gov. Resp. [222] at 2–3. But those remedies all contemplate rulings before the jury sees the evidence. For example, the Court could "prohibit [the Government] from introducing the undisclosed evidence" at trial. Fed. R. Crim. P. 16(d)(2)(C). If the Government introduces prejudicial evidence it failed to disclose, then there may be no effective remedy to address the resulting prejudice. Accordingly, the Government should bring any undisclosed evidence to the Court's attention before offering it.

D. Evidence of Invocation of Right to Silence

The Government agrees that no reference will be made to Perkins's invocation of his right to silence. Gov. Resp. [222] at 3. The motion is granted.

III. Conclusion

For the reasons stated, Defendant's motion in limine [216] is granted in part and denied in part.

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE